IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WAYOUNG CHAN,<br><br>Defendant. | CR NO. 15-00224 DKW<br><br>**ORDER GRANTING DEFENDANT'S RULE 35(a) MOTION REGARDING RESTITUTION** |

**ORDER GRANTING DEFENDANT'S
<u>RULE 35(a) MOTION REGARDING RESTITUTION</u>**

On November 4, 2015, twelve days after this Court issued its Order Regarding Restitution (Dkt. No. 31), the Ninth Circuit published *United States v. Galan*, 804 F.3d 1287 (2015). Notwithstanding *Paroline v. United States*, 134 S.Ct. 1710 (2014), *Galan*, in some ways, represents a sea change in the determination of restitution for victims of child pornography.[1] *Galan* holds that distributors and possessors of child pornography cannot be ordered to pay restitution to their victims without the Government first disaggregating the harms caused by these individuals from the harms caused by the so-called "original abuser" -

---

[1] Defendant acknowledges as much in stating that this Court has yet to "disaggregate losses as *Galan* **now** holds must be done." Dkt. No. 35 at 3 (emphasis added).

> We hold that in calculating the amount of restitution to be imposed upon a defendant who was convicted of distribution or possession of child pornography, the losses, including ongoing losses, caused by the original abuse of the victim should be disaggregated from the losses caused by the ongoing distribution and possession of images of that original abuse, to the extent possible. The district court erred when it declined to limit the restitution imposed upon Galan in that manner.

*Galan*, 804 F.3d at 1291.  In so holding, *Galan* also acknowledged the monumental difficulty associated with such disaggregation: "We have no illusion that the task will be easy . . . we can only say that precision is neither expected nor required." *Id*.

Here, in response to Defendant's Rule 35(a) motion, and the guidance offered by *Galan*, the Government attempts to carry its burden[2] by offering the mental health opinions of Randall L. Green, Ph.D.  Dkt. No. 41, Exs. B and D.  Dr. Green's December 2 and 8, 2015 reports update his previous opinions concerning victims Vicky and Sarah, respectively.[3]  In each case, Dr. Green has determined the propriety of a 90/10 split – in other words, that the possessors' of each victim's images are responsible for 90% of the victim's losses, while the original abuser is responsible for the 10% balance.  *Id*., Ex. B at 6 (Sarah); Ex. D at 7 (Vicky).  The

---

[2] 18 U.S.C. § 3664(e).
[3] The Government previously sought, and this Court awarded, restitution on behalf of five victims. *See, e.g*., Dkt. No. 33, October 26, 2015 Amended Judgment, at 7.  However, the Government acknowledges that three of these victims, Cindy, Angela and Casseaopeia, have not submitted reports on which to base a disaggregation finding, and that without such reports, the Government is unable to carry its burden of disaggregating losses in compliance with *Galan*. Dkt. No. 41 at 7-8.  The Court denies restitution to these three victims for that reason.

Government proposes allocating each victim's past and future losses by these percentages as the starting point for its restitution analysis before application of what it refers to as the *Paroline* and *United States v. Gamble*[4] factors.

A number of problems, however, plague reliance on Dr. Green's supplemental reports. First, and perhaps superficially, he arrives at the very same percentage allocation for each of two very different victims. *See* Dkt. No. 42 at 22. Second, and perhaps critically, he does so without offering any explanation whatsoever. We do not know, for instance, why the offered split was 90/10 v. 75/25 v. 50/50 v. 25/75 v. any other pair of randomly selected numbers. And that leads one to reasonably conclude that the 90/10 allocation he selected was just that – random. *Galan* instructs that the "ultimate apportionment is not scientifically precise." What Dr. Green has offered, however, is not merely imprecision. It is arbitrary. Third, the arbitrariness of Dr. Green's opinions is underscored by his failure to re-examine either Vicky or Sarah, whom he last saw in November 2013 and April 2014, respectively. While it is not impossible that his pre-*Galan* and, in the case of Vicky, pre-*Paroline* examinations covered the ground required by those opinions, it seems extremely improbable that he could have had the prescience to do so, a conclusion bolstered by the absence of any kind of true disaggregation **analysis** in either of his supplemental reports. Fourth, the fact that Dr. Green was

---

[4]*United States v. Gamble*, 709 F.3d 541 (6th Cir. 2013).

specially retained, and has never served as the treating mental health provider for either Vicky or Sarah, means that he does not have the history with either victim on which to potentially base a disaggregation opinion in the absence of an expert examination sensitive to the issue.

The difficulties with disaggregation do not end there.  Even if we had a reliable allocation among the original abuser(s), on the one hand, and distributors/possessors, on the other, the logical extension of *Paroline* and, more particularly, *Galan* require disaggregation **within** a given category.  In other words, because *Paroline* pronounces, and *Galan* parrots, that restitution must "reflect the consequences of the defendant's own conduct," it appears non-sensical to disaggregate only between original abusers and distributors/possessors.  *Paroline*, 134 S.Ct. at 1725; *Galan*, 804 F.3d at 1290-91 (quoting *United States v. Dunn*, 777 F.3d 1171, 1181-82 (10th Cir. 2015)).  Disaggregation must also occur among distributors and/or among possessors in order to determine the losses caused by Defendant's conduct apart from the losses caused by all others (including fellow possessors), and the task there is no less difficult nor less imprecise.  Indeed, taken together, the Court agrees with Defendant that "*Paroline* and *Galan* set out an impossible task for district courts" (Dkt. No. 42 at 42) that even *Galan*'s considered words do not sufficiently acknowledge and certainly do little to resolve.

Defendant's Rule 35(a) motion is GRANTED, and restitution is DENIED. The Court will concurrently issue a Second Amended Judgment consistent with this Order.

IT IS SO ORDERED.

Dated: January 29, 2016 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*United States of America v. Wayoung Chan*; Criminal No. 15-00224 DKW;
**ORDER GRANTING DEFENDANT'S RULE 35(a) MOTION REGARDING RESTITUTION**